IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD FISHER, | CV 13-68-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| DIRECT TV, INC. and DOES ONE through ONE HUNDRED, | |
| Defendants. | |

Plaintiff Fisher is proceeding *pro se*. After examining Fisher's pleading to consider whether this action can survive dismissal under the provisions of 28 U.S.C. § 1915(e)(2), United States Magistrate Judge Jeremiah C. Lynch filed Findings and a Recommendation. No objection has been filed to Judge Lynch's recommendation that Fisher's complaint be dismissed for lack of jurisdiction.

The Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff Fisher commenced this action to resolve an ongoing dispute with

his television service provider, Defendant Direct TV, Inc. Specifically, Fisher alleges Direct TV overcharged him for services and made unauthorized withdrawals from his checking account. Fisher seeks to recover these actual damages as well as punitive damages. Read in the light most favorable to Fisher, his complaint alleges a total loss of $327.00 he seeks to recover as actual damages. His complaint does not demand punitive damages in a specific amount.

After a review of Judge Lynch's Findings and Recommendation, I find no clear error. Plaintiff fails to identify a sufficient basis for this Court's jurisdiction to hear the complaint. Federal courts must independently examine the asserted basis for jurisdiction over a complaint. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A district court may dismiss an action *sua sponte* whenever it appears jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

Diversity of citizenship, as asserted in the complaint, is an insufficient jurisdictional basis for this Court to hear Plaintiff's claims. District courts have

jurisdiction over civil matters where the action is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Complete diversity of citizenship between each plaintiff and each defendant is required. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Iin an original federal action invoking diversity jurisdiction a plaintiff's inclusion of fictitious defendants destroys that jurisdiction and renders the action subject to dismissal. *Garter–Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir.1981). Here, Fisher has asserted claims against fictitious defendants, some of whom he even identifies as citizens of Montana. These allegations defeat diversity jurisdiction.

Granting Fisher leave to amend his complaint to strike reference to the fictitious defendants could solve this jurisdictional predicament. However, Fisher's failure to plead an amount in controversy in excess of $75,000.00 is a fatal defect which amendment cannot cure. Fisher seeks to recover only $327.00 in actual damages and has not identified a specific monetary claim for punitive damages. Judge Lynch is correct in his finding that, based on the complaint, it is not possible for him to assert damages in excess of the jurisdictional amount of $75,000.00. A punitive damages award which would bring Plaintiff's claim over the jurisdictional threshold would surely be unreasonably excessive in its ratio to

the actual harm inflicted on Plaintiff. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580 (1996) (declaring the principle that punitive damages must bear a reasonable relationship to compensatory damages).

Based on the foregoing, IT IS ORDERED that Judge Lynch's Findings and Recommendation (doc. 4) are ADOPTED IN FULL. Plaintiff's complaint is DISMISSED for lack of jurisdiction. The Clerk of Court shall close this case.

DATED this 16 day of May, 2013.

Donald W. Molloy, District Judge
United States District Court